25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dmitri MacNEAL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1274.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1994.
 
 Before KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Dmitri MacNeal, appeals the district court's denial of his motion for summary judgment and the granting of summary judgment in favor of the Secretary of Health and Human Services. The district court thereby affirmed the determination of the Secretary that MacNeal was not so disabled by deep venous thrombosis as to make him eligible for Social Security disability insurance benefits. On review, we must determine whether there is substantial evidence in the record to support the finding that MacNeal has retained the physical ability to perform light work with a sit/stand option. We conclude that the record supports the grant of summary judgment to the appellee and affirm.
 
 
 2
 The evidence establishes that MacNeal, 42 years old at the time of the hearing before an administrative law judge, had worked primarily as a meter reader for Detroit Edison from 1979 to 1990, but had formerly worked also as a security guard. The job of meter reader required extensive walking, climbing, and bending. In March 1988, MacNeal began suffering from cramping and pain in his legs and was diagnosed as suffering from deep venous thrombosis (DVT). He was also diagnosed as having a peptic ulcer and periodic back pain caused by lumbar strain.
 
 
 3
 Although medication alleviated the discomfort caused by MacNeal's ulcer and his back condition, recurrences of DVT in September 1989 and January 1990 caused him to miss work for all but about four days between September 7, 1989, and May 4, 1990. When he could not perform his newly assigned tasks at a sedentary job that he was given at Detroit Edison in May 1990, he was again hospitalized for treatment of DVT and eventually discharged from his employment.
 
 
 4
 After MacNeal's hospitalization in May 1990, his physician, Dr. Sudhir Walavalkar, concluded that MacNeal should be restricted to "inside work that would be limited to one to two hours or less continuously at any given time, in which [he] can get up and walk around at his discretion, to promote blood circulation in order not to aggravate his condition of DVT ... [and] also no lifting over 20 lbs...." In August 1991, Dr. Walavalkar concluded that MacNeal "is permanently disabled and is totally restricted from working any job permanently." There is, however, no additional documentation in the record to explain the change in Dr. Walavalkar's prognosis.
 
 
 5
 At his 1991 hearing, MacNeal testified that he had not worked at all since May 1990 and spent most of his days in bed with his legs elevated on pillows. He also claimed that he could not stand for any prolonged period of time, could not walk more than 100 feet without experiencing pain in his legs, and could not drive for more than 15-20 minutes at a time. Vocational expert Raymond Dulecki noted, however, that MacNeal had previously worked as a security guard and testified that the restrictions placed on him by Dr. Walavalkar in May 1990 would not preclude his return to security work. Dulecki estimated that some 2,000 sedentary security jobs existed in the Detroit area and that an additional 8,000 unskilled jobs with a sit/stand option also could be found in and around Detroit. He estimated that 1,000-2,000 security jobs would be available to MacNeal even if MacNeal were required to elevate his leg while at work.
 
 
 6
 As a result of this testimony, the administrative law judge determined that MacNeal suffered from DVT, peptic ulcer disease, and chronic lumbar strain, but further found that he did not have a medical impairment that would entitle him to collect disability insurance benefits.
 
 
 7
 The Appeals Council denied the claimant's request for review of the administrative law judge's decision, which thus became the final decision of the Secretary. MacNeal then filed for review in federal district court. Upon cross-motions for summary judgment, the magistrate judge who reviewed the case determined that the record contained substantial evidence to support the decision of the administrative law judge and recommended that the Secretary's motion for summary judgment be granted. The district court adopted the report and recommendation of the magistrate judge, granted the Secretary's motion for summary judgment, denied the claimant's motion for summary judgment, and entered an order denying payment of disability insurance benefits. This appeal followed.
 
 
 8
 We review the findings of the administrative law judge to determine whether they are supported by substantial evidence. 42 U.S.C. Sec. 405(g). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 9
 Nothing in the record before us contradicts the finding that MacNeal retains the residual functional capacity to perform security work. While medical evidence did establish that he was unable to continue to work as a meter reader, even the evidence submitted by the claimant's own treating physician does not refute the conclusion that, subject to certain conditions, MacNeal could perform security work.
 
 
 10
 We therefore conclude that there is substantial evidence in the record before us to support the decision of the Secretary to deny disability insurance benefits to Dmitri MacNeal. The judgment of the district court is AFFIRMED.